## FRASER-POTTS v. GRAY
### Case No. N-85-5363-S
County Court, Palm Beach County

June 7, 1985

### APPEARANCES OF COUNSEL

**James Fraser-Potts,** pro se.

**Jerome Gray,** pro se.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

This case came before the Court for non-jury trial on May 22, 1985. The Court heard the sworn testimony of witnesses and personally viewed that portion of Defendant's property germane to this opinion.

The issue in this case is whether Defendant is liable for a dog bite inflicted by his dog. Defendant's liability turns on his placement of a "bad dog" sign and on the meaning of Section 767.04, Florida Statutes (1983).

At the time he was bitten, Plaintiff was riding a motor scooter on Shore Drive. Shore Drive is a paved, two lane street, lined on both

sides by single family homes. Shore Drive was owned, paved and maintained by the owners of the property abutting the street. From outward appearances, the road is open to the general public. The only access to Shore Drive is from a busy north/south thoroughfare. At this intersection, there is no indication that access to Shore Drive is in any way restricted.

On September 16, Plaintiff visited a friend's home on Shore Drive. Upon leaving, Plaintiff rode his scooter north on the paved street. The middle of Shore Drive formed the western boundary line of Defendant's property. In the dirt to the *east* of the road, on the southern boundary of his property, Defendant had posted a large sign warning of a bad dog. The sign faced south. Plaintiff had ridden past the sign and was in the street in front of Defendant's property when he was chased and bitten by Defendant's dog.

Section 767.04, Florida Statutes (1983), modified the common law by making a dog owner strictly liable for bites inflicted by his dog in those situations covered by the statute. *Donner v. Arkwright-Boston Manufacturers Mutual Insurance Company*, 358 So.2d 21, 23-24 (Fla. 1978); *Belcher Yacht, Inc. v. Stickney*, 450 So.2d 1111, 1112-1113 (Fla. 1984). However, the Statute absolves the owner of liability for dog bite injuries

> . . . if at the time of any such injury he [the owner] had displayed in a prominent place on his premises a sign easily readable including the words "Bad Dog." Section 767.04, Fla. Stat. (1983)

Before a dog owner will be relieved of liability under the statute, his attempt to give notice of a bad dog must be "genuine, effective and bona fide." *Carroll v. Moxley*, 241 So.2d 681, 683 (Fla. 1970). To be a bar to liability, the sign should be

> . . . sufficient to put a potential victim on notice of the risk he assumes by being present on the premises. *Id.* at 683.

Thus, for a sign to operate as a bar to liability, it must communicate to a reasonable observer what premises should be avoided in order to stay clear of the dog. Defendant's placement of the sign in this case did not provide an adequate warning that traveling on the street presented a potential danger. A reasonable observer would assume that the warning applied to Defendant's home and yard and not to the paved street. Accordingly, it is

ORDERED AND ADJUDGED that Plaintiff, Justin James Fraser-Potts, a minor, by and through his father, James Fraser-Potts recover from Defendant, Jerome Gray the sum of $83.30 with costs in the sum of $42.00, for which let execution issue.